UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HEATHER SMITH,

                              Plaintiff,

v.                                        Civil Action No:

HOUSLANGER & ASSOCIATES, PLLC and
PALISADES ACOUSITION XVI, LLC

                              Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. Plaintiff brings this class action on behalf of himself and other there consumers in response to Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), and 28 U.S.C. § 133.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Heather Smith is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Palisades Acquisition XVI, LLC, ("Palisades") is a foreign limited liability company organized and existing under the laws of the State of New Jersey and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant, Palisades Acquisition XVI, LLC regularly attempts to collect debts alleged to be due another.

7. Defendant, Houslanger & Associates, PLLC ("Houslanger") is a domestic professional corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

8. Defendant, Houslanger & Associates, PLLC regularly attempts to collect debts alleged to be due another.

9. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

10. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

11. That at all relevant time herein, Houslanger acted as agent-in-fact for Palisades, and acted within the scope of their agency.

## IV. FACTUAL ALLEGATIONS

12. That Plaintiff allegedly incurred a debt to First USA Bank This debt will be referred to as the "subject debt."

13. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

14. Plaintiff allegedly defaulted on the subject debt.

15. That the subject debt was allegedly assigned to Platinum Financial Services Corp. after Plaintiff's alleged default.

16. That on or about February 28, 2005, Platinum Financial Services Corp.. (hereinafter "PFS") filed a lawsuit in Jamestown City Court indexed as 20018-05 against the Plaintiff for the alleged subject debt.

17. That Plaintiff was never aware of this lawsuit because she was not served at the correct address for which she resided.

18. That on or about July 8, 2005, the above referenced action was reduced to a judgment against the Plaintiff.

19. That in or about June 7, 2018, Defendant Houslanger entered a notice of appearance with Jamestown City Court on behalf of Defendant Palisades relative to the 20018-05 indexed matter.

20. That on or about October 9, 2018 Defendant Houslanger served an income execution regarding the judgment taken against Plaintiff by PFS on Plaintiff. This Income execution bears the original judgment caption (i.e. Platinum Financial Services Corp. v. Heather Smith) but the income execution states that the current creditor is Defendant Palisades.

21. That Defendant Houslanger served this income execution with the intent that it would be served on Plaintiff's employer, if not satisfied in fully within 20 days.

22. That on or about October 31, 2018 the Erie County Sheriff forwarded the income execution to Suburban Adult Services Inc., an entity Defendants listed as Plaintiff's employer, along with instructions as to how the income execution would proceed.

23. That upon information and belief, there is not an assignment of judgment filed with either the Chautauqua County Clerk's Office or Jamestown City Court assigning the judgment from PFS. to Palisades.

24. That at no point was any notice from PFS. sent to Plaintiff notifying her of the alleged assignment of his judgment from PFS to Palisades.

25. That the afore-mentioned income execution sent to Plaintiff's employer was improper as Defendant Palisades is not the judgment creditor for the matter filed by PFS in Jamestown City Court against the Plaintiff.

26. That Defendant Palisades had no legal right to restrain and garnish Plaintiff's wages.

27. At all times relevant herein, Houslanger & Associates was Palisades's agent-in-fact.

28. That as a result of Defendants' acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

29. That, as a result of Defendants' acts Plaintiff suffered actual monetary damages as a result of the improper income execution.

## V. CAUSE OF ACTION

30. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 29 above.

31. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

> A. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(9), U.S.C. §1692e(10), 15 U.S.C. §1692f,

15 U.S.C. §1692f(1), and 15 U.S.C. §1692f(6) by sending an income execution to Plaintiff's place of employment when they were not the proper judgment creditor.

B. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C. §1692f, 15 U.S.C. §1692f(1) and 15 U.S.C. §1692f(6) by improperly trying to garnish Plaintiff's wages.

C. Defendants violated 15 U.S.C. §1692e, §1692e(2), §1692e(5), §1692e(10) and 15 U.S.C. §1692f(1) by representing that Plaintiff owed Palisades Acquisitions XVI, LLC an obligation despite actual or constructive knowledge that this statement was not true, and without any meaningful investigation by Defendants Todd Houslanger and Defendant Houslanger & Associates as to whether Palisades Acquisitions XVI, LLC actually had any right to enforce a judgment against Plaintiff.

32. That Defendant Palisades is vicariously liable for the tortious acts of Defendant Houslanger described herein pursuant to the laws of agency and otherwise.

33. That as a result of the Defendants FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: October 8, 2019

*Seth J. Andrews, Esq.*
Law Offices of Kenneth Hiller, PLLC
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288